UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WINSTON ROBERT LARRY,

    Plaintiff,

v.                                                    Case Number: 08-CV-15105
                                                   Honorable John Corbett O'Meara

BARBARA SAMPSON, *et. al.*,

    Defendants.
_____/

## **OPINION AND ORDER OF SUMMARY DISMISSAL**

I.

Before the Court is Plaintiff Winston Robert Larry's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at G. Robert Cotton Correctional Facility in Jackson, Michigan. Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. Defendants are Barbara Sampson, Member of the Parole Board, Parole Agent William E. Switzer, and Carol Barnes. In his complaint, Plaintiff alleges that his parole was revoked on the basis of defendant Switzer's parole violation report, which stated that he be returned to prison to complete the remainder of his sentence because he displayed a gun toward Carol Barnes, the Complainant in this case. Plaintiff contends that the report was untrue and was used to enhance his prison term. Plaintiff seeks monetary damages.

Having reviewed the complaint, the Court dismisses it pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted and on the basis of immunity.

II.

On September 29, 2004, defendant Switzer prepared a parole violation report charging Plaintiff with twelve parole violations, which included Plaintiff engaging in assaultive and abusive behavior toward Carol Barnes, possessing a handgun in her presence, and being chronically unemployed. (*See* Plaintiff's Exhibits, 1-2.) The Parole Board revoked Plaintiff's parole and imposed an eighteen-month continuance of incarceration. The documents attached to the complaint indicate that Plaintiff filed grievances concerning this matter, which were denied as untimely.

III.

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg*

*Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Here, despite this liberal pleading standard, the Court finds that Plaintiff's complaint is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

IV.

A.

Plaintiff's complaint is subject to dismissal because he has not demonstrated that the defendants engaged in conduct which violated his constitutional rights. Plaintiff has failed to allege any facts to show that defendant Switzer submitted a false parole violation report by stating that Plaintiff had engaged in assaultive and abusive behavior, possessed a handgun, and had been chronically unemployed. Conclusory allegations are insufficient to state a civil rights claim. *See, e.g., Leon v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th Cir. 1987). Further, Plaintiff has failed to allege facts to show that the Parole Board relied upon any false information in issuing its revocation decision. In fact, the documents attached to the complaint belie Plaintiff's assertions.

Plaintiff has also failed to allege facts which indicate that the alleged deprivation of his rights was intentional. An "injury caused by negligence does not constitute a deprivation of any constitutionally-protected interest" and a claim that officials have engaged in negligent conduct does not state a claim under §1983. *See Collins v. City of Harker Hgts.*, 503 U.S. 115, 127-28 (1992); *Lewellen v. Metropolitan Gov't. of Nashville & Davidson Co. Tenn.*, 34 F.3d 345, 348 (6th Cir. 1994) (ruling that even gross negligence is not actionable under § 1983, because it is not

"arbitrary in the constitutional sense"). Plaintiff does not set forth facts indicating that the defendant Switzer's conduct was intentional in the constitutional sense.

B.

Furthermore, to the extent that Plaintiff challenges the duration of his continued confinement, he fails to state a claim upon which relief may be granted. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Plaintiff, however, essentially challenges the eighteen-month continuance issued by the Parole Board because he asserts that the Board's decision was based upon the allegedly false report. Such a claim is not properly brought under 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his conviction or imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus); *Schilling v. White*, 58 F.3d 1081, 1085 (6th Cir. 1995). This holds true regardless of the relief sought by the plaintiff. *Heck*, 512 U.S. at 487-89. The United States Supreme Court has recently affirmed that "a state prisoner's § 1983 action is barred (absent prior invalidation)– no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)– if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005). Because the duration

of Plaintiff's confinement would be called into question if he were to prevail on his claim that the Parole Board relied upon a false report, his complaint under § 1983 is subject to dismissal.

C.

Plaintiff's claim against defendants Sampson and Barnes is also subject to dismissal because Plaintiff has failed to allege facts demonstrating their personal involvement in the events giving rise to his complaint. It is well-established that a civil-rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983 and that such liability cannot be based upon a theory of *respondeat superior*. *See, e.g., Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978); *Taylor v. Michigan Dep't. of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff has not done so with respect to defendant Sampson. Plaintiff's conclusory claim that defendant Sampson bears responsibility for departmental regulations is insufficient to show her personal involvement. The mere fact that defendant Sampson may have supervisory authority over the other defendant is insufficient to state a claim under § 1983.

Furthermore, Plaintiff has not demonstrated Carol Barnes' personal involvement in the events. Ms. Barnes was the Complainant in the case, as she was the victim of Plaintiff's assaultive and abusive behavior.

D.

Finally, Plaintiff's claims for damages against defendant Sampson in her official capacities are subject to dismissal on the basis of Eleventh Amendment immunity. The Eleventh Amendment provides immunity to a state and its agencies from suit in federal court unless the

state expressly waives immunity or Congress clearly abrogates the Eleventh Amendment in legislation designed to enforce the Fourteenth Amendment. *See Welch v. Texas Dep't. of Highways and Public Transp.*, 483 U.S. 468, 472-74 (1987). As Congress did not abrogate the Eleventh Amendment when enacting § 1983, neither a state, a state agency, nor a state official sued in his official capacity is a "person" subject to suit under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66-71 (1989). "'[A] suit in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.' This bar against suit also extends to state officials acting in their official capacities." *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993) (citations omitted); *see also Ritchie v. Michigan Dept. of Corr.*, 826 F.2d 1065, 1987 WL 38524, 1 (6th Cir. 1987) (unpublished) (MDOC immunity). Plaintiff's claims for monetary damages against defendant Sampson in her official capacities must therefore be dismissed.[1]

V.

For the reasons stated, the Court concludes that (1) Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983, and, (2) defendant Sampson, in her official capacity is immune from suit on Plaintiff's claim for monetary damages. Accordingly, the Court **DISMISSES** Plaintiff's civil-rights complaint.

---

[1]The Court also notes that the defendant parole agent, Switzer, may be entitled to absolute or qualified immunity from suit, depending on the characterizations of the actions. *See, e.g. Fleming v. Martin, et al.*, 24 Fed.Appx. 258, 259 (6th Cir. 2001); *see also Figg v. Russell*, 433 F.3d 593 (8th Cir. 2006).

Finally, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

          s/John Corbett O'Meara
          United States District Judge

Date: December 22, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, December 22, 2008, by electronic and/or ordinary mail.

          s/William Barkholz
          Case Manager